(C.D. 3401)

Wah Chang Corp. *v.* United States

United States Customs Court, Second Division

(Decided April 15, 1968)

*Barnes, Richardson & Colburn* (*E. Thomas Honey* of counsel) for the plaintiff.
*Edwin L. Weisl, Jr.,* Assistant Attorney General (*Sheila N. Ziff,* trial attorney), for the defendant.

Before Rao and Ford, Judges

Rao, Chief Judge: At a call of the calendar, a motion was made by plaintiff and granted by the court to amend the protests in the three

cases enumerated above. The cases were thereupon submitted for determination upon the official papers. The gravamen of these protests is not directed to the classification of the subject merchandise, namely, ferrotungsten, within the provisions of paragraph 302(h) of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, and the assessment of duty thereon at the rate of 42 cents per pound on the tungsten contained therein and 20 per centum ad valorem but is directed to the appraised value upon which the ad valorem portion of the compound rate of duty was assessed.

The amendments to the three protests herein are expressed as follows—

We further claim in respect to the merchandise covered by the protest that the liquidation is illegal and void because the value determined by the Appraiser was not used in the liquidation of the entry.

The official papers disclose that in each of the three importations the ferrosilicon involved herein was appraised on the basis of the entered values of said merchandise.

However, in the interim between entry and initial appraisement, plaintiff applied for and received permission to have the importations manipulated in warehouse pursuant to section 562 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, the specific provisions of which read as follows:

Unless by special authority of the Secretary of the Treasury, no merchandise shall be withdrawn from bonded warehouse in less quantity than an entire bale, cask, box, or other package; or, if in bulk, in the entire quantity imported or in a quantity not less than one ton weight. All merchandise so withdrawn shall be withdrawn in the original packages in which imported unless, upon the application of the importer, it appears to the collector that it is necessary to the safety or preservation of the merchandise to repack or transfer the same: *Provided*, That upon permission therefor being granted by the Secretary of the Treasury, and under customs supervision, at the expense of the proprietor, merchandise may be cleaned, sorted, repacked, or otherwise changed in condition, but not manufactured, in bonded warehouses established for that purpose and be withdrawn * * * for consumption, upon payment of the duties accruing thereon, in its condition and quantity, and at its weight, at the time of withdrawal from warehouse, *with such additions to or deductions from the final appraised value as may be necessary by reason of change in condition. The basis for the assessment of duties on such merchandise so withdrawn for consumption shall be the entered value or the adjusted final appraised value, whichever is higher,* * * *. [Italics supplied.]

As to imported merchandise so manipulated, the Customs Manual provides in section 19.11 thereof in part as follows:

(b) When goods are repacked, the customs warehouse officer or other officer designated to supervise the manipulation shall report

on the back of the permit the marks and numbers of the original packages and the marks and numbers of the packages after repacking; and the customs warehouse officer, weigher, or gauger shall report the weight or gauge of the merchandise after manipulation. *The value of the manipulated merchandise shall be determined and noted on customs Form 3499 by the appraiser. * * ** [Italics supplied.]

Approximately 8 years after the merchandise was withdrawn from warehouse for consumption, a customs examiner noted on the reverse side of the Application and Permit to Manipulate (Form 3499) as follows: "appraised at 19/6 per lb. – w contained pkd." This resulted according to the contention of plaintiff, in a substantial increase in the value of the instant importations as is shown by the following tabulation—

| Entry No. | Entered and appraised value | Value predicated on figures of examiner after manipulation |
|---|---|---|
| 34457 | $25,680 | $85,675 |
| 34458 | $28,547 | $37,623 |
| 30607 | $15,909 | $105,397 |

Upon liquidation of the involved entries, the customs officials predicated the assessment of the uncontroverted ad valorem rate of customs duty on the basis of the purported value placed upon the goods after manipulation by the examiner although there is no indication in the official papers that said valuation was ever adopted by the appraiser. In fact and in law there was no official determination of the adjusted final appraised value required by section 562 of the tariff act, as amended, *supra*, and section 19.11 of the Customs Manual.

In a memorandum filed herein by the defendant, it is conceded "that the adjusted final appraised values were not legally adopted by the Appraiser, and that the appraisements and the liquidations based thereupon are consequently void."

Although the relief sought by the plaintiff is for this court to issue judgment directing liquidation of the entries on the basis of the entered values which were adopted by the customs authorities prior to manipulation, we are precluded from such action by the specific mandatory direction of section 2636(d) of Title 28 of the U.S. Code which reads—

(d) If upon the hearing of a protest, the court declares an appraisement of merchandise made after the effective date of the Customs Administrative Act of 1938 to have been invalid or void, it shall remand the matter to a single judge who shall determine the proper dutiable value of such merchandise in the manner provided by this chapter. In such proceeding no presumption of correctness shall attach to the invoice or entered values.

Moreover, in the absence of a valid appraisement, liquidation of the entries was likewise void and protests filed against such void liquidations, being prematurely filed, must be dismissed.

In the circumstances of this case, following the direction of section 2636(d) of Title 28, U.S.C., above quoted, the matter is remanded for further proceedings to a single judge of this court sitting in reappraisement for determination of the value of the imported merchandise in the manner prescribed by law.

Judgment will issue accordingly.