(C.D. 4018)

F. CHU & Co.[1] v. UNITED STATES

United States Customs Court, Second Division

(Decided May 8, 1970)

*Glad & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Glenn E. Harris, Sheila N. Ziff, Morris Braverman, Arthur H. Steinberg* and *Andrew P. Vance*, trial attorneys), for the defendant.

Before RAO, FORD, and LANDIS, Judges

LANDIS, Judge: Thirteen cases of certain merchandise described on the entry as "Embr Silk Wear. apparel" were entered originally by Wm. Yinson Lee at the port of New York under warehouse entry No. 31840, dutiable at the rate of 75 per centum ad valorem under paragraph 1529 of the Tariff Act of 1930. It was liquidated accordingly in New York.

---

[1] Counsel have stipulated that the plaintiff in this case is F. Chu & Co. and not Arthur J. Fritz & Co., customhouse broker.

Subsequently the merchandise was withdrawn under transportation entry No. 2047 for rewarehousing in San Francisco, California, consigned to Anselm & Co., Inc., who on June 20, 1947 entered the merchandise at the port of San Francisco under rewarehouse entry No. 3047.

After the rewarehousing, Anselm & Co., Inc., applied on September 20, 1948, on Customs Form 3499, for a permit to manipulate and repack, the merchandise therein again being described as embroidered silk wearing apparel.

After the repacking, it was not established, either by the official papers in evidence, or by the testimony taken, whether certain requirements, mandatory by statute, were complied with, particularly with regard to arriving at an adjusted appraised value.

On or about October 25, 1948, ownership of the goods was transferred from Anselm & Co., Inc., to F. Chu & Co., the protestant herein. The latter withdrew for consumption four cases of thirteen which had been entered,[2] paying 35 per centum ad valorem on merchandise designated in the withdrawal forms (C.F. 7505) as brocade and 50 per centum ad valorem on other merchandise designated therein as embroidered. On June 26, 1958, rewarehouse entry No. 3047 was liquidated in San Francisco at the rate of 50 per centum ad valorem under paragraph 1529 (based upon information received from the collector in New York), in view of the fact that the merchandise was in the warehouse on January 1, 1948, when the rate of duty was changed by T.D. 51802 from 75 percent to 50 percent.[3] On the same date, the collector in San Francisco sent a notice to Anselm & Co., Inc., that supplemental duties in the amount of $3,739.35 were due in connection with entry No. 3047.[4]

On August 20, 1958 plaintiff filed protest against the reliquidation of entry 3047 which was amended at the trial to claim that the silk wearing apparel or silk brocade wearing apparel is dutiable at 35 percent under paragraph 1210, as modified, and the embroidered wearing apparel is dutiable at 50 percent under paragraph 1529, as modified. It is further claimed that the liquidation of the entry on June 26, 1958, was illegal, null, and void, because the merchandise was not appraised after manipulation as required by section 500(e) and section 562, Tariff Act of 1930, and that the case should therefore be remanded

---

[2] Nine of the thirteen cases imported were transferred to Foreign Trade Zone No. 3, as is evidenced by F. Chu & Company's application for a transfer permit dated August 2, 1950, the permit to transfer (No. 1215) executed by the deputy collector, dated August 2, 1950, and the storekeeper's return of the same date. The foregoing documents describe the merchandise as embroidered silk wearing apparel.

[3] See liquidator's red ink notation on face of rewarehouse entry No. 3047 of June 20, 1947.

[4] The increased duties were paid on April 12, 1965.

to a single judge of the Customs Court to determine the dutiable value as required by law.

In view of the result we have reached in regard to plaintiff's claim that the liquidation was illegal, null, and void, it will be unnecessary for us to consider the other matters raised and we shall proceed with a consideration of the case at bar in connection with the manipulation and repack cases involving the mandatory provisions of section 562 of the Tariff Act of 1930, as amended.

There is no dispute that an original appraisement and liquidation were had in New York, before the merchandise was transported under bond to San Francisco, where it was rewarehoused in customs custody as rewarehouse entry No. 3047.

The record shows that on September 20, 1948 after the rewarehousing, application was made on Customs Form 3499 for a permit to manipulate and repack the merchandise described as embroidered silk wearing apparel. There appears no question that there was a repacking, but an advisory classification of the merchandise thereafter is not clearly evidenced, by the record, nor is there a report by the appraiser of the adjusted appraised values, as is required by the statute.

Further, by virtue of the mandatory nature of the statute requiring the adjusted appraisement, this feature in the case at bar becomes primary. The plaintiff's various contentions in its brief become secondary, and are mandatorily precluded from consideration.

Certain points in the situation at bar are analogous to those adjudicated recently before the second division of this court in *Wah Chang Corp.* v. *United States*, 60 Cust. Ct. 403, C.D. 3401 (1968). Both counsel cite that case, and both counsel in the case at bar plead that in the event their primary contentions are not sustained, the court dismiss the protest and remand the case to a single judge sitting in reappraisement to determine the adjusted appraised values after a manipulation, pursuant to section 562 of the Tariff Act of 1930, as amended.

Footnote 12 under CFR 19.8 states: "Repacking shall be considered a manipulation within the purview of section 562, Tariff Act of 1930, as amended."

Concerning any imported merchandise so manipulated, the Customs Manual provides in section 19.11 thereof in part as follows:

> (b) When goods are repacked, the customs warehouse officer or other officer designated to supervise the manipulation shall report on the back of the permit the marks and numbers of the original packages and the marks and numbers of the packages after repacking; and the customs warehouse officer, weigher, or gauger shall report the weight or guage of the merchandise after manipulation. The value of the manipulated merchandise shall be determined and noted on customs Form 3499 by the appraiser. * * *

Mr. Weiner testified that there was no appraisement made in San Francisco after the repacking, and that he adopted the appraised values determined originally in New York. The New York appraisement was the only appraisement made. The appraiser in San Francisco made no valid final adjusted appraised value as required by section 562 and section 19.11 of the Customs Manual. While the plaintiff in the case at bar might have acquiesced for the court to issue judgment directing liquidation of the entry on the basis of the entered values which were adopted by the customs authorities prior to manipulation, the court in the *Wah Chang Corp.* case, *supra*, stated concisely at page 405:

> * * * we are precluded from such action by the specific mandatory direction of section 2636(d) of Title 28 of the United States Code which reads—

> (d) If upon the hearing of a protest, the court declares an appraisement of merchandise made after the effective date of the Customs Administrative Act of 1938 to have been invalid or void, it shall remand the matter to a single judge who shall determine the proper dutiable value of such merchandise in the manner provided by this chapter. In such proceeding no presumption of correctness shall attach to the invoice or entered values.

> Moreover, in the absence of a valid appraisement liquidation of the entries was likewise void and protests filed against such void liquidations, being prematurely filed, must be dismissed.

Accordingly, we find the foregoing pertinent to the situation at bar. There being no valid adjusted appraisement in San Francisco, liquidation of entry No. 3047 was likewise void, the protest filed against such void liquidation being prematurely filed, is hereby dismissed; and following the mandatory direction of section 2636(d) of Title 28, United States Code, *supra*, the matter is remanded for further proceedings to a single judge of this court sitting in reappraisement to determine the value of the imported merchandise.